UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA ROHR, | ) |
| | ) |
|           Movant, | ) |
| | ) |
|      v. | )  No. 4:10-CV-424 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|           Respondent. | ) |

**MEMORANDUM**

This matter is before the Court upon the motion of Tina Rohr to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

**I. Background**

Rohr and her brother Roderick Rohr were charged with possessing pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Initially, Rohr was represented by appointed counsel. She later retained an attorney, Charlie James.

After receiving information that Rohr had violated the conditions of pretrial release, the government moved to revoke her bond. According to the government, Rohr attempted to tamper with a witness by contacting Roderick to persuade him not to testify against her. In her defense, Rohr stated that she had contacted Roderick on the advice of her attorney, Mr. James. The Court granted Mr. James' motion for leave

to withdraw and appointed new counsel for Rohr.  At the revocation hearing Rohr admitted violating the release conditions, and her bond was revoked.

On August 24, 2009, Rohr entered a plea of guilty to the charge in the indictment.  By this time, she had retained new counsel, Joel Schwartz.  At the change of plea hearing Rohr stated under oath that she had reviewed the written plea agreement with Mr. Schwartz, and that she had read the document and understood its contents.  Rohr further stated that she understood that she had the right to a jury trial, that she understood the potential penalties, and that she was pleading guilty voluntarily and not as the result of any coercion or improper influence.  Rohr admitted that she purchased pseudoephedrine pills and delivered them to Roderick for manufacturing methamphetamine.  She also admitted that she knew she was prohibited from communicating with Roderick because he was a potential witness, but that she did so anyway in an attempt to influence his testimony.  In exchange for Rohr's voluntary guilty plea, the government agreed not to prosecute her for her attempt to "corruptly influence [Roderick] not to testify against her."  United States v. Tina Rohr, No. 4:09-CR-78 (CEJ) (Doc. # 102, p. 2).

A presentence report (PSR) was prepared which Rohr reviewed with Mr. Schwartz.  There were no objections to the PSR, but Mr. Schwartz filed a sentencing memorandum in which he argued for a downward variance from the guideline range of 97-121 months.  The Court rejected the arguments and sentenced Rohr to a 97-month term of imprisonment.  Rohr waived her right to appeal the judgment as part of the plea agreement.

## II. Discussion

### A. Involuntary guilty plea

As her first ground for relief, Rohr claims that her guilty plea was not voluntarily made. Instead, she alleges that "succeeding counsel pushed me into pleading guilty." She further alleges that her attorney told her that the judge was "very angry" with her, would "make sure" that she was found guilty if she went to trial, and would sentence her to 20 years' imprisonment.[1]

Rohr was represented by Mr. Schwartz at the change of plea hearing. In his affidavit, Mr. Schwartz states that he met several times with Rohr and discussed with her the potential consequences of pleading guilty and of going to trial. According to Mr. Schwartz, "[f]rom our first meeting, Ms. Rohr told me that she did not want to go to trial." They also discussed the Sentencing Guidelines, the possible range of punishment she faced, and the possibility that an obstruction of justice enhancement would be applied. Although Mr. Schwartz told Rohr that the judge was "not happy" with her attempts to influence Roderick's testimony, he denies telling her that the judge bore any personal animosity toward her.

In the written plea agreement, Rohr acknowledged that "no person has, directly or indirectly, threatened or coerced [her] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." United States v. Tina Rohr, No. 4:09-CR-78 (CEJ) (Doc. # 102, p. 15). At the change of plea hearing, Rohr confirmed under oath that she had read the plea agreement, that she

---

[1]The statutory maximum sentence of imprisonment for violation of 21 U.S.C. § 841(c)(2) was 20 years.

understood it, and that she was pleading guilty voluntarily and not as a result of any threats or pressure. Rohr's allegation of coercion is not borne out by the record, and she is not entitled to relief on this claim. See United States v. Harvey, 147 Fed. Appx. 627 (8th Cir. 2005)[citing Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.")].

### B. Ineffective assistance of counsel

Rohr's second claim is that Mr. James' performance was so deficient as to constitute a denial of effective assistance of counsel. She alleges in her motion that Mr. James instructed her to contact Roderick "which ultimately angered the judge and resulted in my counsel resigning the day the trial was to begin." She also alleges that "succeeding counsel" was ineffective for the reasons asserted in her first ground for relief.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

By the time Rohr decided to plead guilty, Mr. James was no longer her attorney. In fact, Rohr was represented by two different attorneys following Mr. James' withdrawal from the case. Rohr sustained no prejudice by the timing of Mr. James' withdrawal, because the Court appointed a new attorney for her that same day and postponed the trial for seven weeks. Further, as discussed above, there is no factual support for Rohr's allegations of coercion by Mr. Schwartz.

Rohr cannot demonstrate that she would have proceeded to trial but for the alleged deficiencies of her lawyers. The government's evidence supporting the pseudoephedrine charge and the obstruction enhancement was substantial. Rohr does not contend that she could have impeached or undercut this evidence at a trial. Additionally, Rohr does not dispute Mr. Schwartz's sworn statement that she consistently expressed her desire not to go to trial and that he advised her the possible consequences of going to trial versus pleading guilty. Finally, Rohr's allegation of judicial vindictiveness is inconsistent with a claim that she would have proceeded to trial. Because Rohr cannot establish prejudice, she is not entitled to relief on her ineffective assistance claim.

### C. Judicial bias

Rohr alleges that the plea agreement called for a five-year sentence of imprisonment, but she received a 97-month sentence because the judge was angry with Mr. James. The parties did not agree to a specific sentence or to a specific sentencing range in their plea agreement. See Fed. R. Crim. P. 11(c)(1)(C). Instead, the plea agreement contained only recommendations by the parties as to certain provisions of the U.S. Sentencing Guidelines and their estimation of a total

-5-

offense level of 28. Based on the recommendations, the guideline range was 78-97 months, not five years.

The Court followed the recommended guidelines but also applied a two-level enhancement for obstruction of justice. Under § 3C1.1 of the Guidelines, the enhancement is applied if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice with respect to the investigation, prosecution, or sentencing" of the offense of conviction. U.S.S.G. § 3C1.1(1) (2009). As an example of conduct covered by § 3C1.1(1), the Commentary lists "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id., Application Note 4.

In her guilty plea, Rohr admitted that two days after learning of his intention to testify against her she visited Roderick in jail to try to talk him out of it. Rohr used another person's driver's license in order to disguise her identity because she knew she was not allowed to have any contact with Roderick. The facts Rohr admitted to clearly supported the application of § 3C1.1(1). Her claim that the guideline was applied vindictively is not supported by the record.

III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Rohr is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims she asserts in her motion. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Rohr has not made a substantial showing of

-6-

the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2013.